IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DON WAYNE BASEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-13-Z-BR |
| | § | |
| TEXAS DEP'T OF CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY, AS MOOT, DEFENDANT'S MOTION TO DISMISS**

On January 27, 2022, Don Wayne Basey ("Plaintiff") filed a Complaint against the above referenced Defendant, alleging civil rights challenges. (ECF 3). As he is a previously sanctioned and three-strikes barred litigant, he requested and was granted leave to file his Complaint after payment of the full filing fee and sanction. (*See id.*; *see also* ECF 23–24). On February 24, 2023, the Court ordered the Complaint served on Defendant. (ECF 32). Defendant filed a Motion to Dismiss, asserting immunity from suit. (ECF 36). Plaintiff filed an Amended Complaint (ECF 42), naming new Defendants.

The undersigned United States Magistrate Judge is of the opinion that Defendant's Motion to Dismiss should be DENIED, without prejudice, as MOOT.

An amended complaint generally, but not always, renders pending motions moot. *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012); *see, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *but see, e.g., New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex.

Mar. 22, 2017) ("[A] motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint.").

Plaintiff's Amended Complaint (ECF 42) renders the original Complaint of no legal effect because it does not refer to, adopt, or incorporate by reference the original Complaint. *See State Farm Lloyds v. Tony Ray Brown*, No. 3:08-CV-318-O, 2009 WL 10678159, at *1 (N.D. Tex. Jan. 16, 2009) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Thus, the undersigned finds that the Defendant's Motion to Dismiss is moot and recommends that it should be DENIED, without prejudice to refiling a new motion addressing the Amended Complaint.

## **RECOMMENDATION**

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss (ECF 36) filed by Defendant should be DENIED as moot.

## **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 2, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).