IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DON WAYNE BASEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-00013-Z-BR |
| | § | |
| DR. LANNETTE LINTHZCUM; DR. LLOYD ASCHBERGER; and UNIVERSITY OF TEXAS MEDICAL BRANCH, | § § § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT

On August 23, 2022, Plaintiff Don Wayne Basey, acting *pro se* and while a prisoner incarcerated in the Daniel Unit of the Texas Department of Criminal Justice, filed suit pursuant to 42 U.S.C. § 1983. (ECF No. 24).

Basey has a long history of failing to comply with the Court's orders. On September 28, 2023, Basey was ordered to provide the Court with a service address for Defendant UTMB. (ECF 47). However, the Order, sent to the address on record for Basey, was returned undelivered since Basey apparently had been released from prison and had failed to update the Court with his current address.[1] (ECF 48). On October 24, 2023, Basey was ordered to file a Notice of Intent to Proceed on or before November 14, 2023, if he wished to continue prosecuting this case. (ECF 49).[2] By November 28, 2023, Basey had failed to respond to the Court's Order or otherwise communicate

---

[1] Local Rules 83.13 and 83.14 require parties, including *pro se* parties, to keep their contact information current.
[2] The October 24, 2023, order was returned to the Court as undeliverable on December 14, 2023. (ECF 53).

with the Court; therefore, the Court recommended dismissal pursuant to Fed. R. Civ. P. 41(b) (the "FCR"). (ECF 50).

Before the FCR was considered by the district court, Basey filed a status request, which the Court construed as notice of his intent to proceed, so the FCR was withdrawn on December 11, 2023. (ECF 52). The status request included a new address, so the clerk updated Basey's contact information accordingly. (ECF 53). He was given an extension of time until December 18, 2023, to provide the service address for UTMB. (ECF 52). The Court's December 11, 2023, order was returned as undeliverable due to Basey's updated address being no longer valid. (ECF 55).

On December 27, 2023, because Basey had failed to provide UTMB's address by the December 18, 2023, deadline, the Court directed the clerk to issue summons solely as to Defendants Lannette Linthzcum and Lloyd Aschberger and forward them to Basey for service.[3] (ECF 56). However, the Court *sua sponte* gave Basey a third opportunity to provide an address for UTMB. If he provided the address by January 8, 2024, the Court would direct the clerk to issue summons to UTMB. Basey was directed to file proof of service as to all Defendants by January 27, 2024. He further was notified that failure to do so would result in the Court's recommendation that this case be dismissed. (*Id.*)

On January 5, 2024, Basey provided UTMB's address (ECF 60); therefore, the Court directed the clerk to issue process as to all three defendants and forward them to Basey for service. (ECF 62). Basey was given an extension to February 6, 2024, of the deadline to file proof of service as to all three defendants. (*Id.*) On January 26, 2024, Basey filed a Motion to Dismiss UTMB as a defendant, which the district court granted on February 2, 2024. (ECF 65, 66). On February 6,

---

[3]Basey paid the full filing fee on June 14, 2022 (ECF 23) and thus was not proceeding *in forma pauperis* and was not entitled to the assistance with service that is normally afforded such *pro se* prisoner plaintiffs.

2024, the summonses mailed to Basey for service were returned because there is no mail receptacle at the latest address he provided for himself. (ECF 67). Basey has failed to provide proof of service for Defendants Linthzcum and Aschberger by the February 6 deadline.

The Court has given Basey ample opportunity to comply with its Orders, yet he has failed to do so. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* Fed. R. Civ. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988); *Birl*, 660 F.2d at 593.

Basey's failure to comply with this Court's January 5, 2024, Order, as well as his repeated failures to provide the Court with a valid contact address that the Court can use to communicate with him, warrants dismissal. "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).  This Court has attempted on numerous occasions to have Basey provide it with the information necessary to prosecute his case. Basey's continued failure to comply with the Local

Rules and the Court's orders clearly reflects a failure on his part to diligently prosecute this case.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Complaint filed by Don Wayne Basey (ECF No. 42) be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 13, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).